IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SONYA DREVDAHL                                                              PLAINTIFF


v.                           CIVIL NO. 16-5160


NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                              DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Sonya Drevhahl, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on December 18, 2013, alleging an inability to work since June 26, 2013, due to right shoulder pain, sleeping problems, a pinched nerve in the left hip, arthritis in the lower back, hands and wrists, asthma

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

and severe allergies. (Doc. 10, pp. 80, 190, 197). An administrative video hearing was held on November 17, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 10, pp. 32-77).

By written decision dated May 22, 2015, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Doc. 10, p. 17). Specifically, the ALJ found Plaintiff had the following severe impairments:

> Musculoskeletal Disorders (Other and Unspecified Arthropathies, rotator cuff tear post surgical repair)(7160) and (Osteoarthritis)(7150); Respiratory Disorders (asthma, with allergies, smoking)(4990); and Special/Other Disorders (Obesity)(2780).

(Doc. 10, p. 17). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 10, p. 18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404. 1567(a) and 416.967(a) except as follows: The claimant can frequently lift and/or carry less than ten pounds and occasionally ten pounds, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of six hours in an eight hour workday. The claimant can occasionally push and/or pull or reach overhead with the right upper extremity. The claimant must avoid exposure to fumes, gas, and odors.

(Doc. 10, p. 19). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an information clerk, an insurance clerk and a receptionist. (Doc. 10, p. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 20, 2016. (Doc. 10, p. 5). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42

U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's

4

determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

In the present case, the ALJ determined Plaintiff is able to perform sedentary work with limitations. In making this determination, the Court is uncertain as to whether the ALJ reviewed the medical records completed by Dr. Ryan L. Kaplan. A review of the record revealed that in April of 2014, Plaintiff presented to the Northwest Medical Center emergency room with complaints of chest pain, dizziness, slurred speech and near syncope. (Doc. 10, pp. 529-575). Plaintiff reported she had seen, Dr. Mark Bonner, her treating physician the previous day and he had recommended that Plaintiff undergo a stress test. Plaintiff was admitted with the diagnoses of chest pain and a possible transient ischemic attack versus cerebrovascular accident. Plaintiff responded to treatment and was discharged on April 20, 2014, with discharge diagnoses of transient ischemic attack and chest pain. Upon the referral of Dr. Bonner, Plaintiff was seen by Dr. Kaplan, a neurologist, for her hands and head tremors, a recent spell of facial drooping on the left and slurred speech. (Doc. 10, p. 633-634). On June 19, 2014, after reviewing EEG results, Dr. Kaplan recommended that Plaintiff start a seizure medication which Plaintiff was unable to tolerate. (Doc. 10, pp. 628, 631). On July 31, 2014, Dr. Kaplan noted Plaintiff was having a lot of shaking and jerking and that during her last clinic visit Plaintiff had an episode "quite reminiscent of a non-epileptic seizure." Dr. Kaplan noted that he had started Plaintiff on Aptiom and referred Plaintiff to an epileptologist. In August of 2014, Dr. Kaplan noted that Plaintiff was still waiting for an appointment with an epileptologist, and that upon Plaintiff's request, he would type up a note saying that Plaintiff

was unable to work at that time due to her condition. (Doc. 10, p. 627). The ALJ did not discuss Dr. Kaplan's treatment notes and it appears that the non-examining medical consultants did not have this medical evidence before them when they opined as to Plaintiff's capabilities during the relevant time period. After reviewing the record, Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's physical RFC.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. See 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.    Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions**

**of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of April, 2017.

                                          /s/ *Erin L. Wiedemann*
                                      HON. ERIN L. WIEDEMANN
                                      UNITED STATES MAGISTRATE JUDGE