IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SONYA DREVDAHL                                                            PLAINTIFF

v.                                   NO. 5:16-CV-5160

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                            DEFENDANT

**O R D E R**

Plaintiff, Sonya Drevdahl, appealed the Commissioner's denial of benefits to this Court. On May 12, 2017, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 15). Plaintiff now moves for an award of $6,312.00 in attorney's fees and expenses under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 33.57 attorney hours of work before the Court at an hourly rate of $187.00 for work performed in 2015, $188.00 per hour for work performed in 2016, and $192.00 per hour for work performed in 2017. (Docs. 16-17). Defendant filed a response to Plaintiff's application, objecting to certain hours claimed. (Doc. 18).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood*, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *Clements v. Astrue*, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); *see also Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.*

Where documentation is inadequate, the Court may reduce the award accordingly. *Hensley*, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA for 2.00 hours of attorney work performed in 2015, at an hourly rate of $187.00; 30.47 hours of attorney work performed in 2016, at an hourly rate of $188.00; and 1.10 hours of attorney work performed in 2017, at an hourly rate of $192.00. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. *Hensley*, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

Pursuant to General Order 39,[2] which references the Consumer Price Index (CPI) – South, the Court finds that an enhanced hourly rate based on a cost of living increase is appropriate, and counsel will be compensated at $187.00 per hour in 2015, $188.00 per hour in 2016, and $192.00 per hour in 2017.

The Court next addresses the number of hours Plaintiff's counsel claims she spent working on this case. Defendant argues that the 2.00 hours submitted on December 16, 2015, and the 0.50 hour submitted on February 19, 2016, should be denied as it was work performed six months prior to the filing of the Complaint and appears to be discussing a subsequent case, not the case currently

---

[2] Per General Order 39, the allowable rate for each year is a follows, and for simplicity sake, the figure is rounded to the nearest dollar:

    2015 - 228.451 x 125 divided by 152.4 (March 1996 CPI-South) = $187.38/hour -    $187.00.
    2016 - 229.581 x 125 divided by 152.4 (March 1996 CPI-South) = $188.30/hour -    $188.00.
    2017 - 234.204 x 125 divided by 152.4 (March 1996 CPI-South) = $192.09/hour -    $192.00.

before this Court. The Court agrees with Defendant. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984)(time spent at the administrative level is not compensable under the EAJA). The Court further notes Plaintiff's counsel had three subsequent meetings with Plaintiff to discuss this case prior to filing the Complaint. Accordingly, 2.50 attorney hours must be deducted from the total compensable time sought by counsel.

Defendant also argues that the following time should be considered clerical and not compensable under the EAJA:

| | | |
|---|---|---|
| June 30, 2016 | Receive Clerk's Order of reassignment | 0.2 hour, |
| November 16, 2016 | Send Brief | 0.2 hour, and |
| May 12, 2017 | Receive Order from Federal Judge | 0.1 hour. |

The Court agrees with Defendant that the 0.20 hour submitted on November 16, 2016, is not compensable as it could have been performed by support staff. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). The Court finds that the time submitted on June 20, 2016, and May 12, 2107, is compensable, as the Court assumes it was time spent reviewing the orders received. Accordingly, 0.20 hour submitted must be deducted from the total compensable time sought by counsel.

Defendant argues that the time submitted to prepare Plaintiff's appeal brief is excessive. A review of the time submitted reveals that Plaintiff's counsel indicates that she spent 27.50 hours reviewing the 755-page transcript, researching case law on credibility and pain, and writing the seven-page appeal brief. Specifically, Plaintiff's counsel requests 13.77 hours to review the hearing transcript, ALJ decision and the medical records. The Court points out that Plaintiff's counsel also represented Plaintiff at the administrative level and should have familiarity with the facts of the case. Plaintiff's counsel also requests 2.40 hours to research case law on witness

credibility and pain.  A review of Plaintiff's appeal brief reveals that the case relied on was the very case the ALJ cited in the hearing decision. Finally, Plaintiff's counsel requests 1.40 hour to write a two-paragraph statement of facts.  The Court notes that there were no unique or complex issues to be developed in this particular case.  Plaintiff's counsel also frequently represents social security plaintiffs before this Court and should be well versed in social security law and the Court finds the time submitted for preparing this brief to be excessive.  Therefore, the Court is reducing the number of hours submitted for the preparation of Plaintiff's brief by 10.75 hours, as urged by the Defendant.

Based upon the foregoing, the Court finds that Plaintiff is entitled to an attorney's fee award under the EAJA for: 19.52 (30.47 – 10.95) attorney hours for work performed in 2016, at an hourly rate of $188.00; 1.10 attorney hours for work performed in 2017, at an hourly rate of $192.00, for a total attorney's fee of $3,880.96.  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.  Based upon the holding in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED AND ADJUDGED this 7th day of December, 2017.

/s/ P.K. Holmes, III

P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE